R. C. McClure v. The State.

No. 6275.   Decided June 1, 1921.

**Incest—Accomplice—Corroboration—Insufficiency of the Evidence.**

> Where, upon trial of incest, the facts showed that the female in the case was an accomplice, and there was not sufficient corroboration of the accomplice testimony, the conviction could not be sustained.

Appeal from the District Court of Wise.   Tried below before the Honorable F. O. McKinsey.

Appeal from a conviction of incest; penalty, five years' imprisonment in the penitentiary.

The opinion states the case.

*McMurray & Gettys,* for appellant.—Cited Skidmore v. State, 123 S. W. Rep., 1130; Harper v. State, 11 Texas Crim. App., 1; Higgins v. State, 222 S. W. Rep., 241.

*R. H. Hamilton,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted of incest in the District Court of Wise County, and his punishment fixed at five years in the penitentiary.

The indictment was for incest alleged to have been committed with appellant's step-daughter, a young lady nineteen years of age.   She testified to an act of intercourse with appellant, and as to the fact that he had given her various presents, and to a conversation had with her mother, appellant's wife, in which she told her mother of continued incestuous relations with appellant extending over a period of many years, and that he was the father of two children to which she had given birth.   She was an accomplice under all our authorities. Branch's Ann. P. C., pp. 588-589.   Appellant asked an instructed verdict at the close of the testimony, basing such request on the lack of corroboration of the young woman.   A test of the sufficiency of such corroboration might be made by applying the familiar rule of considering the weight of the testimony in the record, aside from that of the accomplice witness, and ascertaining if same would tend to show the accused guilty of the act charged.   A Mr. Foreman testified that about the date fixed by the prosecutrix, he was working in a field adjacent to that in which she and her two half sisters were hoeing; that appellant was harrowing in another near-by field.   On more than one occasion on that day this witness said he saw prosecutrix leave her work and go toward the house as if for water, and saw her enter an orchard, and at the same time he would see appellant leave

his team and go also into said orchard, and that after being out of sight for fifteen or twenty minutes the girl would go out of the orchard and appellant would also go out of the same place and back to his team. He said this all occurred in the daytime and in plain sight of himself and of the two daughters of appellant, they being about twelve and fourteen years of age respectively. Mr. and Mrs. Porter and Mr. Phillips testified they were neighbors of the McClures, and had often seen appellant and the prosecutrix on the public road together going to and from the town of Decatur, and had seen them going to church together; that sometimes appellant was accompanied by his wife, the mother of prosecutrix, and sometimes she was not along. This is all of the corroborating testimony. There does not appear anything in it which in and of itself would tend to connect appellant with any criminal knowledge of the young lady. Our Assistant Attorney General, in his brief for the State, admits it to be insufficient for corroboration, and we are of opinion that he is correct. Appellant placed on the stand in his own behalf a large number of his neighbors, who testified that he bore a good reputation as to his conduct toward women and for virtue and chastity. It was not even proven by others that the young lady had given birth to any children, nor was she examined by any physician or other persons who testified as to any physical evidence of penetration, and in fact there was no evidence in the record aside from her own to show that she had ever had intercourse with any man. A letter written by prosecutrix to appellant stating that what he had done was known, and unless he deeded all he had to her mother and left the country, his case would be put in the hands of the authorities,—was in evidence.

Because of the insufficiency of the corroborating evidence the judgment of the trial court must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*